UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL and MELINDA DRISKILL, ) <br> husband and wife, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA N.A., ) <br> ) <br>       Defendant. ) <br> _____) | 2:10-cv-01967 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 8] |

### I.  MOTION PRESENTED

At docket 8, defendant Bank of America N.A. moves to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  At docket 10, *pro se* plaintiffs Paul and Melinda Driskill filed a document which was entitled "Amended Complaint" and contained a standard of review applicable to Rule 12(b)(6) motions.  The motion at docket 8 is ripe for review.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

On August 13, 2010, Melinda and Paul Driskill ("the Driskills") filed a complaint against Bank of America in the Superior Court of the State of Arizona in and for the County of Maricopa.[1]  On August 18, 2010, the Driskills filed an amended complaint against Bank of America, alleging in part that "Bank of America is lending and modifying mortgages for SOME of their existing mortgage customers while not affording ALL customers the same financial opportunity, even though ALL customers went through the same loan qualification processes, and ALL are part of the same housing crisis in Maricopa County, Arizona."[2]  The Driskills' amended complaint further alleges that Bank of America's "advertising claim to be the 'Bank of Opportunity' is false and misleading."[3]

On September 13, 2010, Bank of America removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  It is undisputed that the Driskills are citizens of the State of Arizona and Bank of America is a citizen of the State of North Carolina, and the Driskills seek more than $75,000 in their amended complaint.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[4]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving

---

[1] Doc. 1-1 at pp. 2-6.

[2] *Id.* at p. 9.

[3] *Id.*

[4] *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

party."[5] "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[6] To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[10]

## IV. DISCUSSION

Bank of America moves to dismiss the Driskills' amended complaint on the grounds that it fails to allege sufficient facts to state a plausible claim for relief. Bank of America specifically argues that the Driskills fail to provide any factual support showing that the Driskills were entitled to a loan modification or any legal support for the proposition that Bank of America had a duty to modify their loan. In addition, Bank of

---

[5] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7] *Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[8] *Iqbal*, 129 S.Ct. at 1949.

[9] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[10] *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

America contends that while the Driskills' complaint alleges that Bank of America's advertising is false and misleading, the complaint fails to allege facts to support a claim for fraud or any other tort of deception.  The Driskills did not file a brief in opposition to the motion.  Rather, they filed a document entitled "amended complaint," which set forth a standard of review for a Rule 12(b)(6) motion.  Pursuant to District of Arizona Local Rule of Civil Procedure 7.2(i), failure to file a response memoranda in opposition to a motion to dismiss may be deemed a consent to the granting of the motion and "the Court may dispose of the motion summarily."  Because the Driskills did not respond to any of Bank of America's arguments in the motion to dismiss, the court will grant defendant's Rule 12(b)(6) motion to dismiss.

Bank of America further requests that the Driskills' amended complaint be dismissed with prejudice on the grounds that any amendment will be futile.  The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[11]  Because the court cannot determine based on the record that further amendment of the Driskills' amended complaint would be futile, the court will grant the Driskills leave to file a second amended complaint.  Should the Driskills decide to file a second amended complaint, it shall comport with the pleading requirements set forth in Federal Rule of Civil Procedure 8.  The document filed at docket 10 will be stricken from the record.

---

[11] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## V.  CONCLUSION

For the reasons set out above, Bank of America's motion to dismiss at docket 8 is **GRANTED**, the Driskill's amended complaint dated August 18, 2010, is **DISMISSED without prejudice**, and the Driskills are **GRANTED** leave to file a second amended complaint.  It is **FURTHER ORDERED** that the **Clerk of Court** shall strike the document at docket 10, entitled "Amended Complaint," from the record.

DATED this 29th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE